IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES P. TEMBLOR, | ) | CIVIL NO. 07-00429 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK LOPEZ, in his official and | ) | |
| individual capacity; THOMAS | ) | |
| READ, in his official and individual | ) | |
| capacity; EDWIN SHIMODA, in his | ) | |
| official and individual capacity; | ) | |
| NOLAN ESPINDA, in his official | ) | |
| and individual capacity; F. CAPPY | ) | |
| CAMINOS, in his official and | ) | |
| individual capacity; and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
AND TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

On January 28, 2008, the Court heard Defendants' Motion to Dismiss

for Failure to State a Claim Upon Which Relief May Be Granted and to Decline to

Exercise Supplemental Jurisdiction.  Brian M.C. Pang, Esq., appeared at the

hearing on behalf of Plaintiff; Kendall J. Moser and John F. Molay, Deputy

Attorneys General, appeared at the hearing on behalf of Defendants.  After

reviewing the motion and the supporting and opposing memoranda, the Court

GRANTS IN PART AND DENIES IN PART Defendants' Motion.  Defendants'

motion is granted to the extent that Plaintiff's claims for monetary damages against

Defendants in their official capacities are dismissed.  Defendants' motion is denied

in all other respects, as specifically outlined herein.

BACKGROUND

According to the First Amended Complaint, Plaintiff James Temblor

("Temblor" or "Plaintiff") was convicted of Robbery in the Second Degree on May

22, 1989, and was sentenced by the First Circuit Court for the State of Hawaii to

five years of probation.  On April 29, 1996, the court entered an Order of

Resentencing/Revocation of Probation for the same case and Temblor was

sentenced to a term of ten years imprisonment, with credit for time already served.[1]

Approximately six years later, Temblor was released on parole.  Although unclear,

it appears that Temblor was released on parole on May 15, 2002.  On June 19,

2002, Plaintiff's parole was revoked for the balance of the maximum robbery

sentence (approximately four years) and his maximum term of incarceration was

set at April 20, 2006.  Plaintiff's parole was revoked because Plaintiff was charged

---

[1]Neither party has explained the basis for the revocation of probation or why
probation was revoked in 1996, which is more than five years after his conviction.

with the offense of Abuse of a Household Member.[2]  Plaintiff pled guilty on July 1, 2002, to the charge of Abuse of a Household Member and was sentenced to six months imprisonment.  Plaintiff alleges that he understood that by pleading guilty, he would be sentenced to six months of imprisonment, to be served concurrently with the remainder of his term of imprisonment for the robbery conviction and violation of that parole.  The Final Judgment and Sentence for the Abuse of a Household Member was silent as to whether that sentence was to run concurrently with or consecutively to the remainder of sentence for the robbery conviction.  The Final Judgment and Sentence did however provide that mittimus shall issue forthwith, and that the sentence should be executed immediately.

Plaintiff claims that since the sentence for Abuse of a Household Member was effective immediately and mittimus was to be issued forthwith, his six-month term of imprisonment for that charge was complete on January 1, 2003.  Therefore, Plaintiff understood that the max-out date of April 20, 2006, imposed for his violation of his parole for the robbery conviction was still effective.  Plaintiff, however, was not released on April 20, 2006.  Instead, he was transferred to a different state prison.

---

[2]Again, neither party has explained the basis for the revocation of parole. However, both parties discuss the fact that while on parole, he engaged in acts that resulted in being charged with the offense of Abuse of a Household Member.

3

On February 3, 2006, the Department of Public Safety reviewed Temblor's sentences and prepared an Offender Management Review and Audit document, which calculated that Plaintiff should begin serving his sentence for Abuse of a Household Member on April 21, 2006, and set his release date as September 8, 2006.  Plaintiff did not receive a copy of this document.

On April 21, 2006, Plaintiff complained to a prison guard that he was being wrongfully imprisoned.  The prison guard researched his case and allegedly agreed with Plaintiff that a mistake had been made.  From April 26, 2006, to May 17, 2006, Plaintiff protested on numerous occasions that he was being illegally detained.  On May 17, 2006, the State court issued an Amended Judgment of Conviction and Sentence for the Abuse of a Household Member conviction, which provided that the sentence shall run concurrent with any other sentence Temblor was serving as of July 1, 2002.  Temblor was released that day.

Temblor filed his First Amended Complaint on October 29, 2007, alleging that he was over-detained for 27 days from April 21, 2006, to May 17, 2006.  Temblor asserts the following causes of action: (1) violation of 42 U.S.C. § 1983 under the Eighth Amendment; (2) violation of 42 U.S.C. § 1983 under the Due Process Clause of the Fourteenth Amendment; (3) false imprisonment; and (4) negligence.  Defendants filed the instant motion to dismiss all of Plaintiff's claims

4

on November 8, 2007.  (Doc. # 22.)  Temblor filed his opposition on January 10,

2008, and Defendants filed a reply on January 16, 2008.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Review is limited to the contents of the

complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994).  Allegations of fact in the complaint must be taken as true and construed in

the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith

Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  A complaint need not include

detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v.

Twombly, 127 S. Ct. 1955, 1965 (2007).  In providing grounds for relief, however,

a plaintiff must do more than recite the formulaic elements of a cause of action.

See id. at 1966.  A plaintiff must include enough facts to raise a reasonable

expectation that discovery will reveal evidence.  In other words, a plaintiff must

allege enough facts to state a claim for relief that is plausible on its face.  See id. at

1974.  "[C]onclusory allegations without more are insufficient to defeat a motion

to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d

802, 810 (9th Cir. 1988).

DISCUSSION

Plaintiff concedes that his claims for retrospective monetary relief against Defendants to the extent they were sued in their official capacities should be dismissed.  Accordingly, this Court dismisses such claims.  See Hafer v. Melo, 502 U.S. 21, 24-25 (1991) (state officials acting in their official capacities are immune from suit for monetary damages under the Eleventh Amendment since they are no different than the state itself).

Defendants argue that this Court should dismiss Temblor's section 1983 claims against them in their individual capacities because they are entitled to qualified immunity.  Defendants specifically argue that Plaintiff has not alleged a violation of a Constitutional right since his sentence was calculated correctly.  In the alternative, even if his sentence was calculated incorrectly, he has only alleged a violation of State law.  If this Court dismisses Temblor's section 1983 claims, Defendants request that this Court decline supplemental jurisdiction as to the two state law claims for false imprisonment and negligence.

"To establish that a state official is personally liable in an action under 42 U.S.C. § 1983, a plaintiff must show that 'the official, acting under color of state law, caused the deprivation of a federal right.'"  Spoklie v. Montana, 411 F.3d 1051, 1060 (9th Cir. 2005) (quoting Hafer, 502 U.S. at 25).  As long as the

6

official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," he or she has qualified immunity from civil liability under § 1983.  Spoklie, 411 F.3d at 1060.  In analyzing the qualified immunity defense, the court must determine: "(1) what right has been violated; (2) whether that right was so 'clearly established' at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful." Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998), cert. denied, 525 U.S. 1016 (1998).

Defendants have conceded that they were acting under color of state law.  Therefore, the only issue in front of this Court is whether their conduct deprived Plaintiff of a federal right.  Defendants argue that Temblor was not deprived of a federally protected right because there is no right under the Constitution that his sentences, which were issued at two separate times, would run concurrently.  Not only is there no federal right that sentences imposed at separate times would run concurrently, but the State has a statute which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court order that the terms run concurrently."  Haw. Rev. Stat. § 706-668.5.

7

Although there is no federal right to have sentences run concurrently, Plaintiff has identified two federal rights that were possibly violated by his alleged over-detention: (1) his Eighth Amendment right to be free from cruel and unusual punishment; and (2) his Fourteenth Amendment right to due process because he was not afforded an opportunity to be heard when Defendants decided to change his release date beyond April 20, 2006. The Ninth Circuit has clearly held that "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of deliberate indifference to the prisoner's liberty interest[.]" Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (citations and internal quotation marks omitted). In Haygood, a former prisoner brought an action against various state officials based on being over-detained for approximately five years, the last 17 months during which he protested his incarceration. Haygood was serving two prison terms and he quarreled with prison officials as to whether they should be served consecutively or concurrently. The officials took the position that his term for escape should not begin until he had completed his robbery term, but the California Supreme Court later held that this determination was incorrect. The court held that there was adequate evidence to conclude that the defendants violated the Eighth Amendment since, after being put

8

on notice, they simply refused to investigate the prisoner's claims of a computational error regarding his release date.  Id. at 1355.

Here, as this is a motion to dismiss, neither party has presented this Court with evidence regarding what steps, if any, the prison officials took in response to Plaintiff's allegations of over-detention.  Therefore, this Court is not in a position to determine whether Defendants acted with deliberate indifference. Accordingly, assuming the facts to be true, as this Court must, that Plaintiff was over-detained, he may have a cause of action for a violation of the Eighth Amendment.  Moreover, as set forth below, despite Defendants' arguments to the contrary, this Court finds that there is a question of fact as to whether Plaintiff was over-detained.

In addition to an Eighth Amendment claim, if Plaintiff was in fact over-detained, his over-detention may have violated the Due Process Clause of the Fourteenth Amendment.  Id. at 1354.  "[D]ue process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability."  Id. at 1359.  A liberty interest protected by the Due Process Clause may arise from two sources: 1) the Due Process Clause itself and 2) state statutes or regulations.  Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  The Due Process Clause creates a liberty interest that prohibits certain severe changes in the

conditions of an inmate's confinement, regardless of whether the changes are authorized by state law.  See Vitek v. Jones, 445 U.S. 480, 494 (1980) (holding involuntary transfer to mental hospital violates Due Process Clause); Washington v. Harper, 494 U.S. 210, 221-22 (1990) (holding involuntary administration of antipsychotic drugs violates Due Process Clause).

Although the Fourteenth Amendment does not guarantee state prisoners a particular method of calculating prison sentences, where the state creates a statutory right to release from prison, it "also creates a liberty interest and must follow minimum due process appropriate to the circumstances to ensure that liberty is not arbitrarily abrogated."  Haygood, 769 F.2d at 1355.

> [i]f the wrongful taking of liberty results from either affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officers received notice of a claim that a wrong was being done.  When an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability.

Id. at 1359.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that to determine whether there is a state-created liberty interest protected by the

10

Due Process Clause, the court must inquire whether the state action creates an interest of real substance, the denial of which "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Here, the State created a liberty interest through Hawaii Revised Statute section 706-668.5 because if the court so orders, multiple terms of imprisonment imposed at different times may run concurrently.  If the court chooses to run the subsequent sentence concurrent to a prior sentence, the prison official has no discretion in extending the release date.  Certainly, denying running a shorter sentence concurrent to a longer sentence would extend the release date and impose a significant hardship on the inmate.  Although the wording of Hawaii Revised Statute section 706-668.5 is clear, it was unclear in Temblor's case whether the State court had effectively ordered that his sentences run concurrently. The ambiguity in this situation is evidenced by the fact that Defendants interpreted the Final Judgment and Sentence for the Abuse of a Household Member in light of Hawaii Revised Statute section 706-668.5 as requiring the sentences to run consecutively and therefore be completed in September 2006, yet the court, presumably upon being made aware of Temblor's protest to his continued confinement, amended the Final Judgment and Sentence to ensure that the

11

sentences ran concurrently, and that Temblor was released the day the amended judgment was issued.

Moreover, at the time Temblor was sentenced for Abuse of a Household Member, he was already in custody for his parole revocation, which was based on the same conduct that supported the Abuse of a Household Member charge.  The Final Judgment and Sentence for Abuse of a Household Member stated that mittimus shall issue forthwith, the sentence should be executed immediately, and neither box on the form for choosing whether the sentence should run consecutively or concurrently was checked.  As this is a motion to dismiss, no evidence has been presented to this Court regarding whether stating that mittimus shall issue forthwith and that the sentence be executed immediately is boilerplate language used in every form of Final Judgement and Sentence, or if those words were specifically used in this case to indicate that the sentence was intended to start immediately.

Taking the allegations in the Complaint to be true, since Temblor was known to be currently in custody for his parole violation based on the same conduct, neither box regarding running the sentence concurrently or consecutively was checked, mittimus was to be issued forthwith, the sentence was to commence immediately, and ultimately the court amended the judgment to run the sentences

12

concurrently, it appears that the court meant to run the sentences concurrently at the time it imposed the sentence for Abuse of a Household Member.

In this situation, due to the additional language which may have been specifically placed on Temblor's Final Judgment, it was not obvious that the statute should be routinely applied and the sentences should run consecutively. Thus, there is a question of whether Defendants acted reasonably in interpreting the Final Judgment and Sentence, appropriately calculated his release date, and responded reasonably to Temblor's protests to his continued incarceration or acted with deliberate indifference. Haygood, 769 F.2d at 1358 ("Even the intentional deprivation of constitutional rights by state officials can be excused when those officials, in the exercise of reasonable good faith, believe their action or inaction to be lawful.").

Defendants' attempts to distinguish Haygood and Alexander v. Perrill, 916 F.2d 1392 (9th Cir. 1990) from the facts of this case are unavailing. Defendants argue that those cases are distinguishable because in those cases there was a determination that the prisoner was in fact incarcerated too long, whereas here, no such determination has been made, and Defendants believe that Temblor was not over-detained. This argument is misplaced because the point is that the prisoner raised the issue that he was being unlawfully detained and the officials

13

allegedly did nothing to attempt to determine whether the prisoner's claim was correct.  Here, Temblor raised the prospect that he should be released on April 20, 2006, and Defendants have not informed this Court what steps, if any, they took to investigate that prospect.  Indeed, the facts here are quite similar to those in Haygood and Alexander because as here, in those cases, "the plaintiff's argument that he was entitled to be released from prison was not clearly meritorious from the face of the objections he lodged with the prison officials."  Alexander, 916 F.2d at 1398.  Despite the fact that claims of release were not clearly meritorious, the Ninth Circuit held that when faced with the possibility that a mistake was made, the prison officials have a duty to investigate that claim.  Id. at 1398-99 ("there is no question that defendants had a duty to investigate Alexander's complaint when he presented his evidence to them. A reasonable prison official would have known that he was under a duty to act. By bringing the evidence to the defendants' attention, Alexander sought to have an erroneous determination by the Central Office reexamined.").  The Ninth Circuit has clearly stated that it will not "embrace a rule which would allow prison officials to stand by idly after an inmate has raised the prospect that he is being unlawfully incarcerated and has provided documentary evidence in support of his claim." Id. at 1398.  Here, there is a

question of fact as to whether Plaintiff was over-detained.  If he was, his Eighth and Fourteenth Amendment claims are still viable.

Accordingly, Defendants have not proved as a matter of law that Plaintiff has failed to allege a section 1983 claim.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted and to Decline to Exercise Supplemental Jurisdiction.  Defendants' motion is granted to the extent that Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed. Defendants' motion is denied in all other respects, as specifically outlined herein.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 28, 2008.



_____
David Alan Ezra
United States District Judge

James P. Temblor vs. Frank Lopez, et al., Civil No. 07-00429 DAE-BMK;
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF MAY BE GRANTED AND TO DECLINE TO EXERCISE
SUPPLEMENTAL JURISDICTION

15